IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JOHNNY FRANK EVANS                                                                                  PLAINTIFF

    v.                           Civil No. 1:07-cv-01054

SHERIFF KEN JONES;
and CHIEF JERRY THOMAS                                                                         DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

The Plaintiff, Johnny Frank Evans, (hereinafter "Evans" or "Plaintiff"), filed this civil rights action pursuant to 42 U.S.C. § 1983.  He proceeds *pro se* and *in forma pauperis*.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2007), the Honorable Harry F. Barnes, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Evans is an inmate of the Arkansas Department of Correction (ADC), Delta Regional Unit, in Dermott, Arkansas.  The events at issue in this lawsuit occurred while Evans was incarcerated at the Union County Detention Facility (UCDF), in El Dorado, Arkansas.  Evans maintains the Defendants violated his constitutional rights when they interfered with his mail.

Defendants filed a summary judgment motion (Doc. 23).   Evans filed a response to the motion (Doc. 33).  The summary judgment motion is now ready for decision.

## 1. Background

Over the years, Evans has been incarcerated at the UCDF on various occasions. The events at issue in this case occurred during 2007. Evans was booked into the UCDF on February 26, 2007,[1] for a court hearing. *Defendants' Exhibit* (hereinafter *Defts' Ex.*) A; (Doc. 33) at page 2. He remained incarcerated there until transferred to the ADC on October 23, 2007. *Id.*

On April 18, 2007, Evans submitted a grievance about his mail. *Defts' Ex.* B. Evans asserted that he had just received nine letters from Officer Greer all post marked April 5th or 6th except one. *Id.* Evans indicates the letters contained information he needed for his trial that occurred the previous day. *Id.* He states Greer had told him that he had just received the mail "moments ago to deliver" to Evans. *Id.* Evans contended withholding his mail was unfair to him and "was unfair to yesterday's proceedings." *Id.*

Evans has submitted eight exhibits marked *Plaintiff's Exhibits* (hereinafter *Plff's Ex.*) A-H (Doc. 33 at pages 5-8) that are copies of the outside of the envelopes each containing a handwritten notation "rec April 18th." The envelopes all appear to be post marked April 5th or 6th with the exception of the one identified as *Plff's Ex.* H that is post marked March 23rd.

Evans maintains Sheriff Jones was a witness against him in his criminal trial. (Doc. 37, Declaration of Evans). Evans asserts the letters were held until after his conviction because they contained information important to his trial. *Id.* Evans also maintains the letters contained information vital to his bonding out of the facility. (Doc. 34 at page 3). In Evans' opinion Sheriff Jones and Chief Thomas wanted to keep him confined. *Id.*

---

[1] In his complaint, Evans states he noted problems with his mail while at the UCDF in the year 2000. Clearly, any claim stemming from an alleged interference with his mail in 2000 would be barred by the three year statute of limitations applicable to § 1983 actions as this action was not filed until June 19, 2007. *See e.g., Miller v. Norris*, 247 F.3d 736 (8th Cir. 2001)(Arkansas' three year personal injury statute of limitations applied to § 1983 action filed in Arkansas).

Lieutenant Williams responded to the April 18th grievance by stating that he "checked up front where mail is delivered" and there was no mail in the basket for Evans at that time. *Defts' Ex.* B. Williams stated that once he received the mail it "goes to shift that is working to be handed out." *Id.*

The mail is delivered to the jail by Williams. *Plff's Ex.* M. Williams then gives the mail to the jailers on duty to deliver the mail to the inmates. *Id.* All personal mail sent to the facility is opened to check the contents and make sure the letters or packages do not contain contraband items. *Plff's Ex.* L. Williams is the jail administrator. *Plff's Ex.* O.

Evans submitted a second grievance on August 2, 2007, dealing with problems with his mail that occurred on July 29th and 30th. *Defts' Ex.* C. In this grievance, he complained that mail he put in the outgoing mail never reached its destination and that mail sent to him had not been received by him. *Id.* He complained that trustees were allowed to pass out mail. *Id.* He indicated he turned in mail on Sunday, July 29th to be mailed and it had not reached its destination by Tuesday, July 31st. *Id.*

In response, Williams wrote: "All mail to inmates is delivered to jail to be handed out when I receive it." *Defts' Ex.* C. Williams did not address the issue of outgoing mail in his response. *Id.*

On August 3, 2007, Evans submitted another grievance. *Plff's Ex.* R. Evans states he had filed a grievance about this same incident earlier in the week. *Id.* He indicated he had now been told by the recipient that they had never received the two letters from earlier in the week and that the other three letters he had sent had been ripped open and re-taped. *Id.* Evans stated he believed the trustees were stealing his mail and opening it. *Id.* He asked for a written response. *Id.*

No response appears on the grievance. *Plffs' Ex.* R. The grievance was not mentioned in Defendants' summary judgment motion.

### 2. Summary Judgment Standard

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986), the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (*citing Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id.* (*citing Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)).

### 3. Discussion

Defendants have now moved for summary judgment. Defendants first argue that there is no evidence of a policy or custom which resulted in a violation of Evans' constitutional rights. Second, Defendants argue Evans has not even alleged any active involvement on the part of Chief Thomas

or Sheriff Jones in the alleged acts of mail interference. Finally, Defendants argue that even if the mail was delayed as alleged by Evans, he cannot establish he was prejudiced by the alleged delay.

In opposition, Evans argues it is his belief that Sheriff Jones and Chief Thomas delayed his mail in April of 2007 in an effort to keep him incarcerated until his conviction. Further, he believes Sheriff Jones did not want him to have the information contained in the letters until after his criminal trial as the information was important to the trial. Evans argues the prejudice to him was clear as he was unable to secure bond and did not have the information that would have enabled him to more properly defend himself and may have influenced the direction of his trial.

Inmates have a First Amendment right of free speech to send and receive mail. *See Hudson v. Palmer*, 468 U.S. 517, 547, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984). "The fact of confinement and the needs of the penal institution impose limitations on constitutional rights, including those derived from the First Amendment." *Jones v. North Carolina Prisoners' Union*, 433 U.S. 119, 125, 97 S. Ct. 2532, 53 L. Ed. 2d 629 (1977). Restrictions on this First Amendment right are valid "only if [they are] reasonably related to legitimate penological interests." *Turner v. Safely*, 482 U.S. 78, 89, 107 S. Ct. 2254, 96 L. Ed. 2d 64 (1987).

Here, Evans does not contend there was a limit placed on the number of legal or personal letters he could mail. He does not challenge a ban on the type of mail he could receive or send. He does not contend he was denied paper, writing instruments, or postage.

He has not suggested there was any ongoing practice of censorship or that the inspection procedures at the jail were unconstitutional. *Jensen v. Klecker*, 648 F.2d 1179 (8th Cir. 1981)(Inspection procedures of incoming or outgoing non-legal mail for contraband have been upheld as constitutional.).

Rather, Evans contends his incoming mail was on at least one occasion in April delayed from the date of its post mark April 5th or 6th until April 18th. There is nothing in the record before the court to establish when the letters in question were received at the UCDF. Other than Evans' conclusory allegations, there is nothing to suggest the delay in Evans' receipt of these letters was attributable to the named Defendants rather than the postal service or some third party. Evans does not indicate how he believes Sheriff Jones or Chief Thomas would have known to watch for and intercept letters addressed to him from Lisa Jester, Amanda Miller, and Patricia Kellough. There is nothing in the record that establishes Sheriff Jones or Chief Thomas were involved in the receipt, distribution, or sending of mail by inmates.

Similarly, there is nothing in the record to suggest Sheriff Jones or Chief Thomas were involved in anyway in delaying, or interfering with, Evans' outgoing mail in late July of 2007. *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985)(§ 1983 liability requires personal involvement in or direct responsibility for actions resulting in the constitutional violation). Simply put, on the record before me there are no genuine issues of fact as to whether Defendants intentionally delayed the delivery or sending of Evans' mail. *See Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003)(Plaintiff must show regular and unjustifiable interference-- an isolated incident of mail tampering is usually insufficient to establish a constitutional violation); *Zimmerman v. Tribble*, 226 F. 3d 568, 572 (7th Cir. 2000)(allegations of sporadic and short-term delays and disruptions are insufficient to state a claim under the First Amendment); *Rowe v. Shake*, 196 F.3d 778, 782-783 (7th Cir. 1999)(relatively short-term and sporadic delays in receiving mail not the result of content-based prison regulation or practice is insufficient to state a First Amendment claim).

### 4. Conclusion

For the reasons stated, I recommend that the Defendants' motion for summary judgment (Doc. 23) be granted and this case be dismissed with prejudice.

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this 29th **day of January 2009.**

    /s/ Barry A. Bryant
    HON. BARRY A. BRYANT
    UNITED STATES MAGISTRATE JUDGE