IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JOHNNY FRANK EVANS                                                                    PLAINTIFF

V.                                         CASE NO. 07-CV-1054

SHERIFF KEN JONES;
and CHIEF JERRY THOMAS                                                            DEFENDANTS

### ORDER

Before the Court is the Report and Recommendation filed January 29, 2009, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (Doc. 38). Judge Bryant recommends that the Defendants' Motion for Summary Judgment (Doc. 23) be granted and the case dismissed with prejudice. Plaintiff Evans has responded with timely objections. (Doc 39). After reviewing the record *de novo*, the Court adopts Judge Bryant's Report and Recommendation as its own.

Plaintiff had complained that Defendants were deliberately delaying the delivery of his incoming and outgoing mail while he was in jail. Judge Bryant found that there "was nothing in the record to suggest Sheriff Jones or Chief Thomas were involved in anyway in delaying, or interfering with, [Plaintiff's] outgoing mail in late July 2007." (Doc. 38, page 6). Judge Bryant further found that "there are no genuine issues of fact as to whether Defendants intentionally delayed the delivery or sending of Evans' mail." (Doc. 38, page 6). In his objections to the Report and Recommendation, Plaintiff states that "there are genuine issues of material fact that need to be determined by a jury."

(Doc. 39). Plaintiff further states that he has evidence to support his allegation of mail tampering. (Doc. 39).

Section 1983 liability requires personal involvement in or direct responsibility for actions resulting in the constitutional violation. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). Upon review, the Court agrees with Judge Bryant that there is no evidence that suggests that Sheriff Jones or Chief Thomas were involved in delaying or interfering with Plaintiff's outgoing mail. Plaintiff claims that he has evidence that can show that the Defendants were involved, but the record does not show any such evidence. Evans's incoming mail was on one occasion delayed from the date of its post mark on April 5th or 6th until April 18th. Judge Bryant correctly noted that "[o]ther than Evans's conclusory allegations, there is nothing to suggest [that] the delay in [Plaintiff's] receipt of these letters was attributable to the named Defendants rather than the postal service or some third party." (Doc. 38, page 6).

Similarly, the Court agrees with Judge Bryant that there is nothing in the record to suggest that the Defendants were involved in delaying or interfering with Plaintiff's outgoing mail on occasions of which Plaintiff complained. (Doc. 38, p. 6). Moreover, allegations of sporadic and short-term delays and disruptions are insufficient to establish a Constitutional violation. *Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000). A plaintiff must show regular and unjustifiable interference with his mail to establish a constitutional violation. *Davis v. Goord*, 320 F.3d 346, 351 (5th Cir. 2003). Here, Plaintiff has not shown that the delay in receiving his mail was a regular interference and not a short-term delay or that the interference with his outgoing and incoming mail was a regular interference rather than sporadic, isolated incidents.

For reasons stated herein and above, as well as those contained in Judge Bryant's Report and Recommendation (Doc. 38), Plaintiff's claims against all Defendants are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 13th day of February, 2009.

                                            /s/ Harry F. Barnes
                                            Hon. Harry F. Barnes
                                            United States District Judge